May it please the Court. Alina Schell, Assistant Federal Defender for the District of Nevada, on behalf of Appellant Vernon Newson. Your Honors, in a case like this where the government presented complex and often disputed evidence regarding whether certain items on a tax return were valid, Mr. Newson was entitled to a specific unanimity instruction. In this case, the government asked the jury to essentially convict Mr. Newson on a theory of general falsity. In their opening statements, they told the jury, none of these deductions are valid. None of the taxpayers will tell you that they ever wanted to take these deductions. They presented evidence that he had a habit of preparing bad tax returns. He was generally a shady guy. And the argument was, from the government's perspective, where there's smoke, there's fire, because generally there's an air of falsity. You should convict Mr. Newson. But that's not the case here, particularly because, as you go through each of the 22 counts that were challenging in this appeal, there were deductions that were disputed and indeed actually were probably valid. For example, there's the case of Mr. Turner, who had Mr. Newson had prepared a tax return for him and prepared Schedule C, which is like for a business. I'm not a tax expert, so if I make a mistake, please forgive me. But he had prepared a Schedule C that said he had a maintenance business. And although the government did dispute the validity of that, it turns out that a lot of the deductions on there were valid deductions. Mr. Turner, for example, had specific medical and dental expenses that the government questioned him about, and he said, yes, I had those expenses. He also had over $10,000 in interest payments. And he said, you know, those are probably valid because I had three properties at the time. So is this basically a statutory interpretation question? The answer to it would vary on how you read the statute, right? I think it does, Your Honor. I think that the government and I are coming from very different perspectives. The government's argument is, in essence, that the act here is the filing of the false tax return. What the statute says is that it is to aid in the preparation or presentation of a return, et cetera, et cetera, that is fraudulent or is false as to what it says is fraudulent or is false as to any material matter. So that seems to be, it doesn't say as to a material matter or a particular material matter. It says as to any material matter. Yes, Your Honor. I think that there's not really a case on point in this circuit. I think the case that is, I think would provide the greatest guidance is the Sixth Circuit's opinion in Duncan. And certainly it says any material matter. But I think that there has to be, particularly where there is a dispute about the validity of some deductions, there should be some agreement amongst the jurors that there are a set of, there were a set of false statements that are demonstrably false. Kagan in order to convict him, right? I'm sorry, Your Honor. They had to have that much agreement to convict him. Yes, Your Honor. They did have to. But I, but what Duncan and what the, I think the statute itself tells us is there should be an agreement as to the specific material matters that are false. Indeed, if you look at the danger here is a case of, well. Was the statute in Duncan the same statute? Pardon? Was the statute in Duncan the same statute? It was, Your Honor. In Duncan, the defendant was actually charged under 7206-1 and 2. So it's the same exact statute. One danger that you'll see is with the case of Jose Limon and his tax returns. In the 2005 tax returns, he was audited for both 2004 and 2005 tax returns. But he ended up having no tax liability for the 2005 return after the, after the audit was completed. So in essence, perhaps there were false statements, but perhaps they weren't material false statements, and Mr. Vernon potentially was convicted on at least one count where maybe he wasn't actually guilty. I think that the real risk here is that you have all of this information. The jury goes back there. There are several false statements. There are several potentially true statements in there. And you'll have a situation where the jury is not focused in their deliberations. They will go back there, and they will convict on a theory of general falsity rather than sitting down and considering, okay, jurors 1 through 10 may agree that matter X was a false matter, and it's demonstrably false. However, you still have the risk that jurors 11 and 12 will think that matter Y, which was at least disputed, if not actually a valid deduction, they'll think that's the false statement that's material in this case. That's why I'm having a problem with the statutory language, because they both think that it is false with regard to any material matter. You know, if it were more precise that it had to be false, there had to be a false statement in the return that would be different. But whether the return is false with regard to any material matter, they all agree on that. They both agree on that. I realize that the language is less than helpful for my client, Your Honor, but I think, again, Duncan tells us that there has to be unanimity amongst the jurors about what the false statement is. See, I'm trying to find in Duncan a quotation of that language, and I can't find it. So I'm sort of wondering whether it made their language change or maybe they didn't realize that. I don't know. Are you looking for the language? They keep saying a material matter, but they don't say any material matter. Yeah, that is a distinction. Duncan doesn't, I think, track exactly the language of 7206. If there are no further questions, Your Honor, I'm going to re-say it. That's fine. Okay. Thank you, Your Honor. Go ahead. May it please the Court. Peter Levitt for the United States. Judge McKibben correctly instructed the jury in this case that it needed to find, in order to convict for counts 1 and 222, unanimously and beyond a reasonable doubt that Newsom aided, assisted, and prepared a tax return, that the return, and this is the operative one, the return was false and fraudulent as to any material matter, and that the defendant acted willfully. The Constitution requires no further degree of unanimity. It does not require all 12 jurors to unanimously agree as to which particular false statement Newsom put into each return. Why? Because to use Judge Browning's phrase from Molinaro, the unit of the offense, the unit of the prosecution is the income tax return. It doesn't matter. Any more than it mattered in Shad whether the woman had been beaten and left in the house to die or burned in the house to die. It doesn't matter any more than whether Mr. Almodova's return, six jurors felt that the invention of the auto repair business was the material false statement, and six others believed that the wining and dining expense was the materially false misstatement. It doesn't matter because, as Judge Berzon pointed out, all 12 agreed as to the element, even if they disagreed to the means. I would also point out that in a case like this, the evidence is largely uncontroverted. The government doesn't dispute that certain statements on certain returns of these taxpayers were accurate. The point is that each tax return, one return for each of the 22 counts, was infected by a number of materially false statements. And just as this Court has decided in the Lyons case in the mail fraud context or in the, I mentioned Judge Browning's opinion in Molinaro, doesn't matter if there's disagreement as to the means, so long as they unanimously agree as to the element. I would note that this point has been made not only in Molinari and the bank fraud context and the mail fraud context of Lyons, but also in Judge Hawkins' comparatively recent opinion in Hoafis, where there's a possibility that the jurors might disagree as to which particular step constituted the substantial step in triggering the attempt, attempt to entice or coerce. And as Judge Hawkins pointed out, there's a distinction between the elements and the means. Even if different jurors found that different actions constituted Hoafis' substantial steps, these differences, like those in the Richardson hypothetical, are differences only of means. But in the end, it is a matter of statutory interpretation, right? I mean, if this statute read something like aiding and abetting the making of a false statement and a return, that might be otherwise. I agree with Your Honor's characterization. But the way the statute is written as it is now, it comports perfectly with Justice Breyer's hypothetical in Richardson. If a height – if an element of robbery is threatened use of force, and six jurors believe that the defendant used the gun to affect that threat, and six other jurors believe that the defendant used a knife to create that threat, it doesn't matter. And constitutional values are not violated by that, so long as they unanimously agree that force was threatened. Here, the jurors unanimously agreed as to each of the 22 counts that the return, the unit of prosecution, was false and fraudulent, that it was intended – was made willfully intended to understate the tax liability. So what's your response to Newsom's reliance on Duncan? Your Honor, several things. First of all, Duncan, of course, is a nonbinding case. I would note that the Shad plurality specifically noted that Duncan was relying on the Fifth Circuit's Gibson test, the distinct conceptual groupings test, which Justice Souter said it's too indeterminate to have any real effect. I would also point out that Duncan does not accurately come to grips with the fact with what Judge Browning came to grips with, which is that the unit of the prosecution is the tax return. In the mail fraud context, it is what is deposited in the mail. If the mailing contains a statement that says, my snake oil cures cancer, false. And the second one is, FDA approves my snake oil, also false. And that's placed in the mail. That's one count, one offense. Well, you know, Shad, we always refer to it as sort of being a plurality decision. But if I recall, Judge Scalia chimed in, and his is almost a stronger rule. So really, in a sense, it's a majority decision, isn't it? It is, Your Honor, in the sense that five justices agreed that whether the defendant in Shad intended to kill or merely committed a fee or intended to commit a felony, that admittedly high mens rea element was satisfied by either, and that Arizona State legislature's decision to split those two apart and set them as alternate means did not offend fundamental concepts of justice and fairness. I would also note, Your Honor, in response to Judge Pius's question, finally, that it's clear from the post-Duncan decision in 1988 that the Sixth Circuit itself is retreating from that, and Kimes citing, quoting Sanderson, which I cite in the There is a variance between the indictment and the proof, and there is a tangible risk of jury confusion. None of those exist here. And with that, we would ask that this Court affirm the district court's correct issuance of the jury instructions. Roberts, thank you. Your Honors, I have just a few points on rebuttal. I think that the fundamental disagreement between the government and Mr. Newsom is what exactly is the essence of the violation here. Mr. Levitt asserts that the violation is the filing of a return. I assert that, consistent with what the Sixth Circuit said in Duncan, that it's not the filing of a return that is the violation of the statute here. It is the preparation and the creation and the submission of a materially false statement. Mr. Levitt said that Duncan is – certainly, Duncan is not as strong as it once was post-Shad. But I submit that it is still viable law and it is still something which could have directed this Court's decision in this case. As recently as 2010 in United States v. Damra, the Sixth Circuit was talking about what Duncan said, more to illustrate, because it was two different sections of the tax code that were at issue. But I think that Duncan is still viable law, and although Shad does call into question some of its analysis, it's still a good starting point for this Court. Another thing that I would just like to point out is that Shad is in some ways not the appropriate case to look at when thinking about this case. In Shad, what the Supreme Court was dealing with was alternative means of committing the same offense. It's alternative theories of culpability. In this case, we're not talking about alternative theories of culpability. We're talking about whether the government has met its burden of proving each element of an offense beyond a reasonable doubt. And the means of a false statement, the false statement isn't a means. It's an actual element of the offense, as defined by the statute and as the jury was instructed. Because the evidence here was in dispute, because there was a complexity to the information that was presented to the jury, a specific unanimity instruction was appropriate. And just very briefly, in what sense was it in dispute? I understand that there were some statements in the statute, in the returns that were false and others that weren't, but what was the dispute? That was the dispute, Your Honor, is the veracity of particular line items. Meaning that the government – because it wasn't in the indictment, so in what context did the government argue that some things were false, that the defendants said weren't false? Well, the government – in general, the government did not make an argument either in opening and closing that this statement was true, but this one's false, this statement was true, this one's false. The government opened and closed on kind of a general theory of falsity. Does that answer your question, Your Honor? Well, it seems to me to somewhat undermine your argument, because if there was in fact a dispute, and the government did not make an argument that this was not true, but this was true, then why are we assuming that the jury thought anything different? We don't know whether they did or – Your Honor, I think the government never got up and argued even though the witness said this was not – this was true or it wasn't true, right? That is correct, Your Honor. So where's the dispute? That's what I'm not getting. Your Honor, I think it's impossible to know, because there wasn't a specific unanimity instruction, whether the jury went back there and considered these statements. I think the dispute is, did they consider the specific statements, or did they just go back there and go, you know what, this guy's really guilty because this is really a bad case. So without the instruction to guide their deliberations, I don't know that he, Mr. Newsom, received appropriate due process in this case. And I see I'm almost out. Thank you, counsel. Thank you, Your Honor. We appreciate the arguments. Thank you very much. The matter is submitted.
judges: Fernandez, Paez, Berzon